UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE ROBERT HACKNEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>D. PARAMO,<br><br>　　　　Respondent. | No.  2:13-cv-0282 GGH P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's May 3, 2013, motion to dismiss on the grounds for lack of subject matter jurisdiction (lack of custody), and because this action is barred by the statute of limitations.  Petitioner has filed an opposition, to which respondent has filed a reply.  After reviewing the papers, the court now issues the following order and findings and recommendations.

<u>DISCUSSION</u>

Petitioner attacks *only* the imposition of a restitution order which accompanied his sentence.  Section 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

1

Federal jurisdiction over a habeas petition arising from a state court judgment is limited to persons "in custody" pursuant to that judgment. See § 28 U.S.C. § 2254(a). However, "physical custody alone is insufficient to confer jurisdiction." Bailey v. Hill, 599 F.3d 976, 984 (9th Cir. 2010). The court may entertain a habeas petition only on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where, as here, petitioner challenges only a restitution order and not the lawfulness of his physical incarceration under federal law, petitioner fails to satisfy the "in custody" requirement to create jurisdiction under § 2254. See Bailey, 599 F.3d at 980–84; see also Martinez v. Davis, NO. CV 13–3133–CAS (OP), 2013 WL 3467311, at *2 (C.D.Cal. July 9, 2013) (applying Bailey to bar consideration of a federal habeas petition presenting a challenge to a restitution fine imposed by the state court) (and cases cited therein).

The petition in this case challenges the constitutionality of the restitution fine imposed as part of petitioner's judgment of conviction in the Sacramento County Superior Court. Petitioner claims that his due process rights were violated by the enhanced restitution order because there was no inquiry or evidence to support petitioner's ability to pay the fine. He further asserts that the restitution order was issued on October 1, 1999, but not enforced until October 6, 2008, beyond the limited period of enforcement which is ten years. Based on these two claims which are the sole basis for his habeas petition, this habeas action should be dismissed.[1]

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

/////

/////

---

[1] Respondent's other ground for dismissal, untimeliness, will not be addressed due to lack of jurisdiction.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the clerk of the court randomly assign a United States District Judge to this action; and

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed on May 3, 2013 (ECF No. 12), be granted and this action be dismissed; and

2. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Hack0282.mtd.not-in-cust